UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20817-CIV-SEITZ/O'SULLIVAN

SIARY BENHABIB,

    Plaintiff,

vs.

WAYLEN BAY MOTORSPORTS, LLC,

    Defendant.

_____/

## ORDER APPROVING SETTLEMENT AND RECOMMENDING THAT THE FLSA CLAIM BE DISMISSED WITH PREJUDICE

THIS MATTER came before the Court following a settlement conference before the undersigned and the Court having conducted a hearing concerning the settlement.

THE COURT has heard from counsel and considered the terms of the settlement, the pertinent portions of the record, and is otherwise fully advised in the premises.

This case involves a claim for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq ("FLSA").  In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  Lynn Food Stores v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." Id.  The district court may approve the settlement in

order to promote the policy of encouraging settlement of litigation. Id. at 1354.

In this case, there is a bona fide dispute over the number of hours worked by the plaintiff and whether the plaintiff was an exempt employee under the FLSA. The Court has reviewed the terms of the settlement including the amount to be received by the plaintiff and the attorney's fees and costs to be received by counsel and finds that the compromise reached by the parties is a fair and reasonable resolution of the FLSA claim. Accordingly, it is

**ORDERED AND ADJUDGED** that the parties' settlement (including attorney's fees and costs) is hereby APPROVED. It is further

**RECOMMENDED** that this case be dismissed with prejudice as to the FLSA claim only and that the Court **retain jurisdiction of the FLSA claim until Monday, July 12, 2010** to enforce the terms of the settlement.[1]

**DONE AND ORDERED** in Chambers at Miami, Florida this **4th** day of June, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
All counsel of record

---

[1] The plaintiff's claim pursuant to the Florida Civil Rights Act, Count II of the Complaint, has not been resolved.

2