UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-20817-CIV-SEITZ/O'SULLIVAN

SIARY BENHABIB,
    Plaintiff,

v.

WAYLEN BAY MOTORSPORTS, LLC,
    Defendant.
_____/

## ORDER ADOPTING FINDINGS OF MAGISTRATE JUDGE DISMISSING WITHOUT PREJUDICE STATE LAW CLAIM, AND DISMISSING REMAINING CLAIM WITH PREJUDICE

THIS MATTER came before the Court on the Order Approving Settlement and Recommending that the FLSA Claim Be Dismissed with Prejudice ("Report") [DE 18] entered on June 4, 2010 by the Honorable John J. O'Sullivan, United States Magistrate Judge. No objections were filed to Judge O'Sullivan's Report. Upon review of the Report, the Complaint [DE 1], and pertinent legal authorities, and being otherwise fully advised, the Court will adopt the Report and dismiss the FLSA claim, and *sua sponte*, dismiss the remaining state law claim for lack of subject matter jurisdiction.

On March 18, 2010, Plaintiff Siary Banhabib ("Plaintiff") filed suit against Defendant Waylen Bay Motorsports, LLC, to recover money damages for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and for pregnancy discrimination pursuant to Florida Statute § 760. On June 4, 2010, the parties settled the FLSA claim during a settlement conference before Judge O'Sullivan. Following the settlement conference, Judge O'Sullivan conducted a fairness hearing and determined that the compromise reached by the parties, including the resolution of costs and attorneys' fees, was a "fair and reasonable" outcome of the parties' bona fide disputes under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Judge O'Sullivan has recommends that the FLSA claim be dismissed with prejudice and that the Court retain jurisdiction until July 12, 2010 to enforce the settlement on the FLSA claim. The Court will adopt Judge O'Sullivan's recommendation and dismiss the FLSA claim.

Upon review of Plaintiff's Complaint [DE 1] it appears that the Court lacks jurisdiction over Plaintiff's state law claim. Plaintiff invokes this Court's jurisdiction pursuant to section 216 of the FLSA and 28 U.S.C.

§ 1337[1] and alleges one Count of statutory wage and hour violations under the FLSA but brings her claim of pregnancy discrimination under state law. [DE 1 ¶¶ 1, 17]. Neither the FLSA nor 28 U.S.C. § 1337 provide original jurisdiction over Plaintiff's state law claim. Accordingly, only if Plaintiff's state law claim and the FLSA claim form part of the same case or controversy may the Court may exercise supplemental jurisdiction over the state law claim. 28 U.S.C. § 1367. Here, the only factual basis the claims have in common is the employer-employee relationship. Thus, the Court is without power to invoke supplemental jurisdiction over the state law claim and therefore the Court must dismiss that claim. Furthermore, even if the Court had the discretion to exercise supplemental jurisdiction over the state law claim, it would decline to do so after dismissal of the FLSA claim. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right"). Therefore, it is

ORDERED that

(1) Magistrate Judge O'Sullivan's findings are ADOPTED.

(2) All pending motions not otherwise ruled upon are DENIED AS MOOT.

(3) The State law claim in Count II is DISMISSED WITHOUT PREJUDICE.

(3) The FLSA claim in Count I is DISMISSED WITH PREJUDICE.

(5) The Court shall retain jurisdiction over this matter until **July 12, 2010** to enforce the parties' settlement agreement.

(6) This case is CLOSED.

DONE AND ORDERED in Miami, Florida, this 28th day of June, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Judge O'Sullivan
All counsel of record

---

[1] Captioned "Commerce and antitrust regulations; amount in controversy, costs," this section provides District Courts with original jurisdiction over actions arising under Acts of Congress regulating or protecting commerce.